UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ITT CORPORATION AND | : | |
| GOULDS PUMPS, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:12CV38(RNC) |
| | : | |
| TRAVELERS CASUALTY AND | : | |
| SURETY COMPANY (FORMERLY | : | |
| KNOWN AS THE AETNA CASUALTY, | : | |
| AND SURETY COMPANY), | : | |
| | : | |
| Defendant. | : | |

RULING ON MOTION FOR PROTECTIVE ORDER

Plaintiffs ITT Corporation and its subsidiary Goulds Pumps commenced this action against defendant Travelers Casualty and Surety Company.  They seek declaratory judgment and injunctive relief and also allege state law claims.  The defendant moves for a protective order staying discovery until the court rules on a pending motion to dismiss. (Doc. #17.)  For the reasons set forth below, the motion is granted.

I.   Factual Background

The plaintiffs bought excess insurance policies[1] from the defendant for "per occurrence and aggregate" coverage.  The policies, called Excess Overlayer Indemnity policies ("XN" policies), were issued over several decades.  Beginning in 2000,

_____

[1]"An excess policy provides specific coverage above an underlying limit of primary insurance." 3 New Appleman Insurance Law Practice Guide § 29A.01 (Jeffrey E. Thomas et al. eds., 2012). "Excess coverage generally is not triggered until the underlying primary limits are exhausted." Id.

the plaintiffs notified the defendant of a number of asbestos bodily injury claims. (Compl. ¶24.) The plaintiffs believe that they have coverage under the "XN" policies when all their claims - combined - reach the "aggregate" limits of their underlying insurance. The defendant disagrees that coverage under the XN policies is available when the combined claims exhaust the underlying aggregate limits. (Compl. ¶4.) The defendants contend that each of the asbestos injury claims is a separate "occurrence" and plaintiffs only have coverage when they incur damages for a single "occurrence" in excess of the underlying per occurrence limits. (Compl. ¶24.)

The plaintiffs allege that over the years the defendant has changed its position on coverage under the XN policies. The defendant's current policy interpretation, according to the plaintiffs, "materially reduc[es] the scope of insurance protection that was originally purchased and effectively eliminat[es] coverage for plaintiff's substantial asbestos liabilities." (Compl. ¶4.) The plaintiffs maintain that the defendant's interpretation contradicts the terms of the XN policies as well as the defendant's underwriting manual and bulletins. (Compl. ¶26.)

The plaintiffs do not seek coverage for any particular losses. Regardless of policy interpretation, plaintiffs make no allegation that their asbestos liabilities have reached the XN policies. Instead, plaintiffs bring this putative class action on behalf of

themselves and other XN policyholders seeking a declaratory judgment "that the XN policies are required to respond to liabilities that are subject to the underlying umbrella aggregate limits and which exceed such aggregate limits" and "an injunction barring [the defendant] from asserting its improper position as to its XN policies." (Count 1, Compl. ¶47.)   In count 2, the plaintiffs allege the defendant misrepresented the coverage afforded under the XN policies in violation of Connecticut's Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. § 38a-815 et seq. and Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq.   In count 3, the plaintiffs allege that the defendant "engaged in procedural bad faith in the handling of the plaintiffs' asbestos claims in violation of the common law of Connecticut" by taking "more than nine years to first raise its single catastrophic occurrence coverage position" which it did despite knowing that its position was "false, deceptive, and misleading." (Compl. ¶¶54-55.) The plaintiffs seek compensatory and punitive damages as to counts 2 and 3.

The parties are involved in related litigation in California state court.   Cannon Electric, Inc. v. Affiliated FM Insurance Co. et al., No. BC 290354 (Los Angeles County Superior Court).   That case, filed before this one, also concerns coverage for future asbestos claims under the XN policies.   There, plaintiffs ITT Corporation and Goulds Pumps (among others) seek a declaratory

judgment regarding the defendant's obligations under the XN policies "to defend, reimburse and indemnify plaintiffs in full" for underlying asbestos claims made against the plaintiffs. (Doc. #17-3, Fourth Amended Compl. filed 7/14/06, ¶176.)   The case originally was filed against a number of defendants, but only the defendant Travelers remains.  In 2010, the defendant asserted as an affirmative defense in the California case its "single occurrence position," the same coverage position at issue here.   See Travelers' Amended Answer to the Fourth Amended Complaint filed on August 3, 2010.  The California case is scheduled for a bench trial in September 2012.

The defendant Travelers argues that this case is duplicative of the California state court action.  Travelers filed a "Motion to Dismiss, or in the Alternative, to Stay this Case" pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (doc. #47), which is pending before Judge Chatigny.  In the present motion, Travelers asks the court to stay this case pending the resolution of its Colorado River motion to dismiss.

II.  Discussion

The defendant seeks a protective order staying discovery pursuant to Fed. R. Civ. P. 26(c).   Rule 26(c) provides, in relevant part:

> The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or

discovery.

Fed. R. Civ. P. 26(c)(1)(A).

Rule 26 "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." Dabney v. Maddock, No. 9:10CV0519 (GTS/DEP), 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011). "A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause." Davidson v. Goord, 215 F.R.D. 73, 82 (W.D.N.Y. 2003). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," Alford v. City of New York, No. CV 2011-0622(ERK)(MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012), and "should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." Cuartero v. United States, No. 3:05CV1161(RNC)(DFM), 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006). "[A] court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." Id.  A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Johnson v. New York Univ. School of Educ., 205

5

F.R.D. 433, 434 (S.D.N.Y. 2002).

<u>The Breadth of Discovery Sought</u>

The plaintiffs' requested discovery is extraordinarily broad. The temporal scope of the requests runs from the 1960s, when the defendant first began issuing the XN policies, to the present. (Compl. ¶21.) The types of information sought are also broad. The production requests seek all documents and communications regarding the underwriting, claims handling and marketing of the XN policies. (Doc. #17-14, Doc. Requests 2-4.) The plaintiffs also request all the defendant's communications with reinsurers and state insurance departments concerning the XN policies. (Doc. #17-14, Doc. Requests 7-8.) The interrogatories are equally expansive, seeking the identity of all persons who marketed the policies, all XN policyholders who ever submitted a claim under the policies, and information regarding all claims paid under the XN policies. (Doc. #17-14, Interr. 8-10.)

<u>The Burden of Discovery</u>

The defendant argues that responding to the plaintiffs' requests, which seek virtually all documents related to the XN policies for a period of more than forty years, will necessitate the expenditure of a significant amount of effort and resources.[2]

---

[2]The defendant did not submit an affidavit but maintains that the breadth of the requests makes obvious the burden of a response to the discovery.

The Prejudice Resulting from a Stay

The defendant argues that plaintiffs would not be prejudiced by an order staying discovery until the court rules on the pending motion to dismiss.  The defendant points out that the plaintiffs make no allegation that they are currently due any money under the policies.  Even under the plaintiffs' own policy interpretation, their asbestos claims have not yet triggered the XN policies. During oral argument, the plaintiffs raised for the first time a concern that they would be prejudiced from a delay of discovery because evidence might be lost.  Because the XN policies were issued so many years ago, they say, witnesses are likely to be elderly and their testimony could be lost.

The Dispositive Motion

Finally, the court considers the strength of the defendant's motion to dismiss.  The defendant moves to dismiss or stay this case pursuant to Colorado River on the grounds that the federal suit "is duplicative of the State Suit."  (Doc. #47-1, Def's Mem. in Supp. of Mtn to Dismiss at 5.)  The defendant argues that the federal case "puts in issue the same Travelers excess insurance policies, the same underlying asbestos bodily injury claims and the same coverage issues being litigated in the [California case]." (Id.)  In the present case, the plaintiffs expressly ask the court to interpret the XN policies and to find that the defendant's "on account of any one accident or occurrence" interpretation is

incorrect.  According to the defendant, the California state court
will decide how the XN policy applies to the plaintiffs' asbestos
claims and which party's coverage interpretation is the correct
one.

This court does not presume to predict the outcome of the
motion to dismiss.  However, on the record before the court, the
defendant's arguments are substantial and "not unfounded in the
law." Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004, at *4
(S.D.N.Y. Dec. 14, 1994).

Upon consideration of the particular circumstances and posture
of the case, the factors weigh in favor of granting a stay of
discovery pending the resolution of the defendant's abstention
motion.  The discovery will be time-consuming, burdensome and
expensive.  The defendant's motion is potentially dispositive and
appears to have substantial grounds.  The plaintiff's suggestion of
prejudice does not countervail these considerations.  The
defendant's motion for a protective order is granted.  See
Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.,
No. 09CV5874(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1,
2009)(granting stay of discovery based on the breadth of discovery
sought and where the defendant's motion "appears not to be
unfounded in the law"); Niv v. Hilton Hotels Corp., No. 06 Civ.
7839(PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007)(granting
stay where defendants' motion "appears not to be unfounded in the

law"); <u>Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted in th[e] lawsuit"); <u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>, No. 94Civ.2120(LMM)(AJP), 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (granting stay where dispositive motion is "not unfounded in the law" and "appears to have substantial grounds"); <u>Gandler v. Nazarov</u>, No. 94 Civ. 2272(CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery where defendant's motion to dismiss is "potentially dispositive and appears to be not unfounded in the law," "[p]laintiffs have not present any evidence to suggest that they will be unfairly prejudiced by a stay" and "the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery.")

III. <u>Conclusion</u>

For these reasons, the defendant's motion for a protective order (doc. #17) is granted.

SO ORDERED at Hartford, Connecticut this 18th day of July, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge