```
 1                UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF CONNECTICUT

 3

 4    - - - - - - - - - - - - - - - - x
                                      :
 5    ITT CORPORATION, ET AL,          :  No. 3:12CV38(RNC)
                                      :
 6                    Plaintiff,       :
                                      :
 7            vs                       :
                                      :
 8    TRAVELERS CASUALTY AND           :
        SURETY COMPANY,                :
 9                                     :  HARTFORD, CONNECTICUT
                      Defendant.       :  FEBRUARY 21, 2013
10                                     :
      - - - - - - - - - - - - - - - - x
11

12

13
                      TELEPHONE CONFERENCE
14

15

16       BEFORE:

17             HON. ROBERT N. CHATIGNY, U.S.D.J.

18

19

20

21                              Darlene A. Warner, RDR-CRR
                                Official Court Reporter
22

23

24

25
```

```
 1    APPEARANCES:

 2        FOR THE PLAINTIFFS:

 3            MORGAN, LEWIS & BOCKIUS, LLP-NY
                  101 Park Avenue
 4                New York, New York 10178
              BY: DAVID A. LUTTINGER, JR., ESQ.
 5                MICHEL Y. HORTON, ESQ.

 6            MURTHA CULLINA LLP
                  CityPlace I
 7                185 Asylum Street
                  Hartford, Connecticut 06103-3469
 8            BY: MARILYN BETH FAGELSON, ESQ.

 9
          FOR THE DEFENDANT:
10
              REID & RIEGE, P.C.
11                One State Street; 18th Floor
                  Hartford, Connecticut 06103-3185
12            BY: THOMAS V. DAILY, ESQ.
                  JOHN W. LARSON, ESQ.
13
              SNR DENTON US LLP
14                601 S. Figueroa Street, Suite 2500
                  Los Angeles, California 90017
15            BY: RONALD D. KENT, ESQ.
                  SUSAN M. WALKER, ESQ.
16

17

18

19

20

21

22

23

24

25
```

1
2                             1:00 P.M.
3
4
5            THE COURT:  Hello.
6            MR. LUTTINGER:  Hello, this is David Luttinger
7   from Morgan Lewis for the plaintiffs.  How are you this
8   afternoon?
9            THE COURT:  Okay, thanks.  How about you?
10           MR. LUTTINGER:  We're doing well.
11           Do you want me to tell you who's on the line or
12  do you want us just to name --
13           THE COURT:  If everybody could state their
14  appearances.  I'm with Darlene Warner, and that way we'll
15  have an accurate record.
16           MR. LUTTINGER:  For the plaintiffs, Your Honor,
17  we have David Luttinger and Michele Horton from Morgan
18  Lewis & Bockius.  And Marilyn Fagelson is here from Murtha
19  Cullina.
20           MR. KENT:  On the Travelers side, Your Honor,
21  good afternoon, this is Ron Kent.  With me on the phone
22  today is my partner, Susan Walker from Los Angeles.  And
23  then we have from Hartford, Tom Daily and John Larson.
24           THE COURT:  Okay, thank you.  I appreciate your
25  being available today.  I'm in the middle of a criminal

1    trial and we're on our abbreviated lunch break, so I hope
2    you will understand if I need to keep this short.
3             I wanted to follow up on the oral arguments to
4    give you decisions on the pending motions with a brief
5    explanation.  This criminal trial is expected to last
6    perhaps another six weeks or so and I didn't want to keep
7    you waiting.
8             My bottom line is I'm not going to dismiss the
9    case, but I am going to leave the stay in effect pending a
10   ruling by Judge Elias on the dispute concerning the proper
11   interpretation of the policy.  I think, as a technical
12   matter, what this means is the motion to abstain or stay
13   under Colorado River is granted in part and denied in
14   part.  It's granted insofar as it asked me to stay further
15   proceedings in this case pending further proceedings in
16   California.
17            I think that, as we discussed, the district
18   court's obligation to exercise jurisdiction requires a
19   truly extraordinary situation before the Court can
20   abstain, and I think that the situation here is pretty
21   close to that line, but I don't see the kind of reactive
22   and vexatious litigation in this instance that we saw in
23   the Bristol Heights scenario.  Beyond that, I see no
24   reason to dismiss the case rather than simply stay further
25   proceedings pending a ruling by Judge Elias on the

1    question concerning the proper interpretation of the
2    policy.
3             I understand that ITT would like to get going
4    here and I have considered the risk that a further delay
5    in commencing discovery could result in some potential
6    impairment of ITT's ability to obtain whatever discovery
7    it might need.  In that regard, however, my understanding
8    is ITT doesn't think that a lot of discovery is necessary
9    and I don't see the risk as particularly significant in
10   any event.
11            The intention here would be that if Judge Elias
12   rules in favor of ITT's position, then the stay will be
13   lifted and ITT will proceed here forthwith.  Conversely,
14   if Judge Elias rules in favor of Travelers' position, then
15   as we discussed at oral argument, ITT would have appellate
16   rights in California, but the stay would remain in effect
17   here and I would give Travelers an opportunity to renew a
18   motion to dismiss, although I don't want to imply that
19   I've given that much thought.
20            Basically I just want to be clear that the stay
21   aims to give the California court an opportunity to rule
22   on what I regard as a threshold issue, one that has been
23   tried before that court and awaits a decision.  I
24   anticipate that it's not going to be more than another six
25   months before we have a decision, and I think in that

1    framework, it makes sense to leave the stay in place.

2         With regard to the 12(b)(6) motion, very

3    briefly, I think that while the challenge to Count One

4    under the Anti-Suit Injunction Act has some appeal, in

5    fact I'm not going to attempt to stay the state court

6    action; and, in fact, I'm deferring to the state court

7    temporarily on this threshold issue of policy

8    interpretation.  So I don't see a need to dismiss

9    Count One on that basis at this time.

10        With regard to Count Two, Travelers argues that

11   this count should be dismissed under Rule 9(b) for failing

12   to plead fraudulent conduct with the requisite specificity

13   and also for failure to allege actionable conduct under

14   CUTPA.

15        As I understand the allegations that are being

16   made here, the plaintiff alleges that Travelers

17   affirmatively misrepresented its position with regard to

18   this policy, and if I accept the plaintiff's allegations

19   as true and give the plaintiff the benefit of all

20   reasonable inferences, I don't think that these grounds

21   provide a basis for a dismissal.

22        Count Two is also challenged under

23   Noerr-Pennington and Connecticut Immunity Doctrine.  Here

24   again though, ITT is alleging that Travelers made

25   misrepresentations in the course of claims handling, not

1    litigation, and thus I don't think there is an immunity.
2            As to Count Two, Travelers further urges that
3    the count fails because it alleges no ascertainable loss
4    as required to support a claim under CUTPA, but ITT relies
5    on Connecticut case law for the proposition that whenever
6    a consumer receives something other than what he bargained
7    for, he suffers a loss, that's the Hinchliffe case, and
8    with regard to that general principles, ITT argues that
9    Travelers' allegedly unlawful policy position would
10   prevent the XN policies from ever being triggered and
11   would deprive ITT of hundreds of millions of dollars of
12   coverage it believed it had purchased.  In that context, I
13   think that the account adequately pleads a cognizable loss
14   under CUTPA for purposes of withstanding the motion to
15   dismiss.
16           Then as to Count Three, the procedural bad faith
17   claim, Travelers urges that the claim should be dismissed
18   because the complaint makes no allegation that the XN
19   policies had actually been reached.  Here again though, if
20   I accept ITT's allegations as true, we have a situation in
21   which Travelers responded to claims in 2009 by raising
22   what ITT says is a new position, one that Travelers itself
23   realizes is, according to ITT, fraudulent; and I think
24   that that's sufficient pleading for now.
25           So recognizing that that's a very brief

1   explanation of my reasoning with regard to the 12(b)(6)

2   motion, but hoping that you'll appreciate my situation

3   here, I'm going to leave it at that.

4              At this point, there will be no further

5   proceedings before me in this case pending a ruling by

6   Judge Elias.  I would expect that you'll keep me informed,

7   and as soon as we have a decision, we can reconvene and

8   see where we are.  Okay?

9              MR. LUTTINGER:  Thank you, Your Honor.

10             MR. KENT:  Your Honor, this is Ron Kent.  I have

11  a point of clarification, and I do appreciate the Court's

12  being under very tight time constraint, and appreciate the

13  Court getting through what was a lot of paperwork in a

14  short period of time.

15             On the Colorado River motion, I think I

16  understand the parameters of what the Court is holding

17  today but I did have a question.

18             You did mention that if Travelers were to

19  prevail in California, then ITT would have, or Goulds and

20  ITT would have appellate rights.  I didn't hear anything

21  on the converse.  If Goulds was to prevail in California,

22  at least at the trial court level, then we would be back

23  to you considering what, if any, progress there would be

24  in the -- in the federal action pending Travelers seeking

25  its appellate rights in California.  Or how would you

1    envision that would work?

2             THE COURT:  Yes.  I shouldn't preempt you, but I
3    will tell you in all candor that having thought about this
4    situation, it seemed to me that if the state court were to
5    construe the policy against you, it would be difficult for
6    me to leave the stay in place at that point in time and
7    that's why I suggested that were that to occur, ITT would
8    be able to get moving here.

9             At that point this case would have been on hold
10   for quite a long time and I think appropriately so.  But
11   at that point I think that ITT would have a pretty strong
12   position for a lifting of stay and getting moving rather
13   than wait for however long it would take the appeal
14   process to be exhausted.

15            MR. KENT:  Understood.  And just for the record,
16   our position would be that the stay should stay in place
17   until there's a final judgment in California on this key
18   issue.  But I understand what the Court is -- has
19   indicated.  And if and when the issue comes up, I'm sure
20   we can revisit it.

21            THE COURT:  Okay.  Thank you very much for being
22   available.

23            MR. LUTTINGER:  Thank you very much, Your Honor.
24   And good luck with the trial.

25            MR. KENT:  Thank you, Your Honor.

1                THE COURT:  Thank you.

2                    (Proceedings adjourned at 1:15 p.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1            C E R T I F I C A T E

2

3     In Re: ITT CORPORATION, ET AL vs. TRAVELERS CASUALTY AND

4                          SURETY

5

6

7            I, Darlene A. Warner, RDR-CRR, Official Court

8     Reporter for the United States District Court for the

9     District of Connecticut, do hereby certify that the

10    foregoing pages are a true and accurate transcription of

11    my shorthand notes taken in the aforementioned matter to

12    the best of my skill and ability.

13

14

15

16
                  /s/_____
17
                    DARLENE A. WARNER, RDR-CRR
18                    Official Court Reporter
                    450 Main Street, Room #223
19                  Hartford, Connecticut 06103
                         (860) 547-0580
20

21

22

23

24

25