IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                         :
ITT CORPORATION ET AL.                                   :         3:12 CV 38 (JAM)
                                                         :
v.                                                       :
                                                         :
TRAVELERS CASUALTY & SURETY CO.                          :         DATE: FEBRUARY 14, 2017
                                                         :
---------------------------------------------------------x

RULING ON PENDING DISCOVERY ISSUES REGARDING DEPOSITIONS

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Pending Discovery Issues, filed January 27, 2017 (Dkt. #191)["January 2017 Discovery Ruling"], familiarity with which is presumed.

On January 23, 2017, defendant Travelers forwarded to this Magistrate Judge a letter (Dkt. #197)[1] seeking a discovery conference to discuss its objection to five depositions proposed by plaintiffs; plaintiffs responded in a letter forwarded two days later (Dkt. #198).[2]

---

[1]The following nine exhibits were attached: copy of letter from defendant to plaintiff ITT, dated March 1, 2001 (Exh. A); copies of letters from defendant to plaintiff ITT, dated January 9, 2009 (Exhs. B-C); copy of defendant's brief, dated October 5, 1988 in the Armstrong Action, In re Asbsestos Ins. Coverage Cases, No. 1072, pending in the Superior Court for the City and County of San Francisco (Exh. D); copy of letter from plaintiffs' counsel to defense counsel, dated January 12, 2017 (Exh. E); copy of Attorney Waisman's Objections to Produce Documents, Information or Objects, dated December 28, 2016 (Exh. F); copy of Defendant's Objection to Subpoena to Produce Documents to Attorney Waisman, dated December 29, 2016 (Exh. G); copy of Sennott's Objections to Subpoena, dated December 16, 2016 (Exh. H); and copy of Defendant's Objections to Subpoena to Stephen J. Sennott to Produce Documents, also dated December 16, 2016 (Exh. I).

The exhibits have not been docketed, as some are protected by a court order.

[2]The following seven exhibits were attached: copy of Defendant's Rule 26(a) Disclosures, dated September 8, 2016 (Exh. A); another copy of the January 12, 2017 letter (Exh. B); copy of defendant's 10-K, dated December 31, 2016, filed with the SEC (Exh. C); copy of defendant's Prospectus Supplement, dated May 10, 1996 (Exh. D); copy of excerpts from the deposition of John M. Hake, taken on October 27 and 28, 2016 (Exh. E); copy of excerpts from the deposition of William B. Gresham, taken on December 14, 2016 (Exh. F); and copy of a letter in the Morton litigation, dated June 8, 1994 (Exh. G).

These exhibits similarly have not been docketed as some are marked as confidential.

On February 2, 2017, this Magistrate Judge filed an electronic order denying Travelers' request for a conference and ordering that defendant forward a supplemental letter should it seek specific relief regarding this dispute. (Dkt. #192). Defendant forwarded a letter in response four days later (Dkt. #199),[3] and plaintiffs responded two days thereafter. (Dkt. #200).[4] Though no reply was permitted by the Court's order, Travelers forwarded a twenty-six page reply, including attachments, on February 10, 2017.

In its letters, dated January 23 and February 6, 2017, defendant Travelers seeks a protective order to preclude plaintiffs from deposing the following five individuals:

(1) Sonia Waisman, who is and has been since 2003 representing Travelers in the parallel coverage action between the parties in the Superior Court for the County of Los Angeles ["California Action"], set for trial on June 20, 2017;[5]

(2) Nancy Brownstein, former in-house counsel who advised defendant regarding

---

[3]The following exhibits were attached: declaration of Attorney Sonia Waisman, executed on February 6, 2017; copies of Notice of Entry of Order re: Filing of Amended Answer of Defendant/Cross-Defendant Travelers Casualty & Surety Company to Plaintiffs' Fourth Amended Complaint, dated August 2, 2010, of Stipulation of Order re: Filing of Amended Answer of Defendant/Cross-Defendant Travelers Casualty & Surety Company to Plaintiffs' Fourth Amended Complaint, dated July 28, 2010, and of Proposed Amended Answer of Defendant/Cross-Defendant Travelers Casualty & Surety Company to Plaintiffs' Fourth Amended Complaint, undated in July 2010, all filed in Cannon Electric, Inc., n/k/a ITT Cannon, Inc. v. Affiliated FM Ins. Co., Case No. BC 290354, filed in the Superior Court for the State of California, County of Los Angeles ["California Action"](Exh. A); declaration of Attorney James T. Vitelli, also executed on February 6, 2017; declaration of Attorney Leonard Bieringer, also executed on February 6, 2017; and declaration of Stephen J. Sennott, also executed on February 6, 2017.

[4]Attached as Exh. A are excerpts from a copy of decision, filed April 22, 1998, in Vann v. Travelers Indem. Co., A078272, by the California Court of Appeals.

Two days later, on February 10, 2017, defendant forwarded its third letter on these issues, with three additional exhibits. (Dkt. #201). The parties are not permitted unfettered access to this judicial officer. The exhibits similarly have not been docketed as they include deposition transcripts.

[5]Defendant also moves to quash the document subpoena served on Attorney Waisman under the attorney-client privilege and work product doctrine.

plaintiffs' claims asserted in the California Action and this lawsuit, until she left defendant in 2015;

(3) James Vitelli, current in-house counsel who is and has been advising defendant regarding claims asserted in the California Action and this action after Attorney Brownstein left;

(4) Leonard Bieringer, defendant's Associate General Counsel; and

(5) Stephen Sennott, defendant's former employee who testified in Goulds v. Travelers, also pending in the Superior Court for the County of Los Angeles ["Goulds"].[6] (Dkt. #197, at 1-2; Dkt. #199, at 1-2).

A.  DEPOSITIONS OF THE FOUR ATTORNEYS AND SUBPOENA TO ATTORNEY WAISMAN

Travelers seeks a protective order regarding the depositions of these four attorneys because depositions of attorneys generally are disfavored in the Second Circuit; among the several non-exclusive factors that courts should consider are "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." (Dkt. #197, at 1-2, Dkt. #199, at 3-4, both citing, inter alia, In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003)). Travelers argues that these factors weigh heavily against plaintiffs' intent to depose these individuals for discovery related to "the factual basis for Travelers' 2009 bad faith change in coverage position." (Dkt. #199, at 3, citing Dkt. #197, at 1).

Travelers argues that deposition testimony in the California action revealed that

---

[6] Defendant similarly moves to quash the subpoena served on Sennott.

Attorneys Waisman and Brownstein provided legal advice to Erin Jacques, the author of Travelers' 2009 reservation of rights letter reflecting what plaintiffs allege is a change in coverage position. (Dkt. #199, at 3-4). Accordingly, Travelers asserts that "encountering attorney-client privilege and work product issues during their depositions is a certainty." (Id. at 4). Travelers similarly argues that there is "no justification" for depositions of Attorneys Vitelli and Bieringer (Dkt. #197, at 4), because such depositions will inevitably encounter privileged information and because Vitelli is not connected to Travelers' conduct in 2009. (Dkt. #197, at 4; Dkt. #199, at 4-5). Travelers further argues that the risk of encountering privileged information in these four proposed depositions is unnecessary because plaintiffs are able to take sufficient discovery on the 2009 letter through depositions of Jacques, her supervisor Shannon Mazzapica, and Mazzapica's supervisor David Ritter. (Dkt. #199, at 5).

As to the subpoena of Attorney Waisman, Travelers argues that it should be quashed because the document requests are unduly burdensome and harassing, calls for documents clearly protected by attorney-client privilege and work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. (Dkt. #199, at 4).

Plaintiffs respond that each of these witnesses has non-privileged factual information that is relevant to plaintiffs' bad faith claim. (Dkt. #200, at 1). Plaintiffs argue that they are entitled to depose Attorneys Brownstein and Waisman because both are listed in defendant's Rule 26(a) disclosures as individuals possessing discoverable information to support its defenses, as required by FED. R. CIV. P. 26(a)(1)(A)(I). (Dkt. #198, at 1-2; Dkt. #200, at 1). Plaintiffs further argue that all four attorneys are "fact witnesses who . . . are or were involved in the claims handling related to [p]lainitffs' XN policies." (Dkt. #198, at 3). According to plaintiffs, Attorneys Brownstein, Bieringer and Vitelli work or worked in

4

defendant's Special Liability Group ["SLG"], a special claims handling unit created by Travelers to handle, <u>inter alia</u>, asbestos product liability claims under XN policies, and the fact that defendant has hired individuals with law degrees to essentially perform the work of claims handlers does not "shield" them from depositions. (<u>Id.</u> at 3-4; Dkt. #200, at 1-2). Plaintiffs argue that this discovery is relevant to its CUTPA claim, especially when defendant's alleged shift in interpretation "effectively wiped out millions of dollars of coverage[,]" and defendant previously has been found to have engaged in bad faith under similar circumstances. (Dkt. #198, at 4-5; Dkt. #200, at 2-3).

With respect to Attorneys Brownstein and Waisman, plaintiffs are entitled to take their depositions for the obvious reason that these two attorneys are listed, with two other employees (Jacques and Mazzapica), in defendant's Rule 26(a) Disclosures as fact witnesses involved in the drafting, review and approval of the January 9, 2009 correspondence from defendant to plaintiffs. (Dkt. #198, Exh. A). Defendant cannot bar plaintiffs from deposing two attorneys that it designated as fact witnesses, and plaintiffs rightly note that Travelers has provided no authority to support that a party may "prevent its opponent from taking testimony of a witness disclosed by the party in its Rule 26(a) disclosures." (Dkt. #200, at 1). Defendant, however, remains entitled to assert the attorney client privilege or work product doctrine if and when any individual question strays from discoverable and non-privileged information.

With respect to Attorneys Bieringer and Vitelli, plaintiffs, at this time, are precluded from deposing them at this time, <u>without prejudice</u> to plaintiffs demonstrating that such depositions are necessary after they have completed the depositions of Attorneys Brownstein and Waisman.

A secondary issue has arisen regarding defendant's and Attorney Waisman's objections to the document requests served upon Attorney Waisman, and defendant's failure to provide a privilege log when it objected to the document request in its entirety. (Dkt. #197, at 4; Dkt. #199, at 2, 4; Dkt. #200, at 5). **On or before March 3, 2017,** defendant shall produce the responsive documents to this Magistrate Judge's Chambers, for her in camera review, on the basis of attorney-client privilege and work product privilege.[7]

### B. DEPOSITION AND SUBPOENA TO SENNOTT

Travelers argues that there is good cause for a protective order precluding the deposition of Sennott because he has already been deposed by plaintiffs' counsel in the California Action and because his deposition would inevitably reveal privileged information due to his assistance of Travelers in litigation matters. (Dkt. #199, at 5-6). Travelers also notes that Sennott's wife is in ill health and a deposition would impose personal hardship on the deponent. (Dkt. #197, at 5; Dkt. #199, at 6). Travelers argues that the document subpoena is unduly burdensome and harassing because of its overly broad scope in seeking information that Travelers argues is irrelevant to the subject matter of this case. (Dkt. #199, at 6).

Plaintiffs respond that key facts have developed since their previous deposition of Sennott, and that they have offered to be extremely flexible in deposing Sennott due to his personal hardship. (Id. at 5-6). Additionally, plaintiffs respond that the documents sought in the subpoena are relevant to the issue of whether Travelers acted in bad faith by relying on Sennott as a witness to explain how the XN policies work. (Id. at 5).

Plaintiffs are entitled to depose Sennott, who clearly has direct knowledge of the

---

[7] If the identity of any of the individuals mentioned in these documents is not readily apparent, defendant shall provide a description of the person's job title and responsibilities.

underlying facts of this case, but given his family situation, the following restrictions are imposed: (1) if defendant executes a stipulation that permits Sennott's deposition testimony and trial testimony in California to be incorporated by reference into this lawsuit, then plaintiffs' counsel here is limited to any questions that were not raised in the California lawsuit;[8] or (2) if defendant fails or refuses to execute such a stipulation, then Sennott is subject to questioning by plaintiffs' counsel on all relevant topics.[9]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, ____ F. App'x ___, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate

---

[8]If this option is chosen, then the parties may choose to hold his deposition by videoconference.

[9]If the first option is selected, then the parties' dispute regarding the document requests served upon Sennott (Dkt. #197, at 4; Dkt. #199, at 6; Dkt. #200, at 5), could become moot. If, however, plaintiffs intend to inquire about matters beyond Sennott's trial testimony, they should identify the topics for defendant accordingly, and if Sennott has any documents responsive to that additional inquiry, copies of the responsive documents as to which defendant asserts a privilege shall be forwarded to this Magistrate Judge's Chambers, **on or before March 3, 2017**, for her in camera review. Similarly, if the second option is selected, copies of all responsive documents shall be forwarded to this Magistrate Judge's Chambers, **on or before March 3, 2017**, for her in camera review.

Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 14th day of February, 2017.


          /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge