IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                               :

ITT CORPORATION ET AL.              :                3:12 CV 38 (JAM)
                                               :
v.                                              :
                                               :
TRAVELERS CASUALTY & SURETY CO.  :                DATE: FEBRUARY 27, 2017
                                             :
---------------------------------------------------------x

## RULING FOLLOWING IN CAMERA REVIEW OF WIGMORE MEMO

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Pending Discovery Issues, filed January 27, 2017 (Dkt. #191)["January 2017 Discovery Ruling"], 2017 WL 385034, and Ruling on Pending Discovery Issues Regarding Depositions, filed February 14, 2017 (Dkt. #202).

Among the issues raised in the January 2017 Discovery Ruling was Travelers' withholding production of the "Wigmore Memo," as addressed in Section II(C), 2017 WL 385034, at *4-6. As discussed therein, the Wigmore Memo was "central to . . . litigation" in the Eastern District of Pennsylvania[1] and the Third Circuit, Travelers Cas. & Surety Co. v. Insurance Co. of North America, 609 F.3d 143, 152 (3d Cir. 2010)["INA"]. The Wigmore Memo was commissioned by Timothy Yessman, Senior Vice President of Travelers' Special Liability Group, and drafted by Mark Wigmore, its Vice-President and Associate General Counsel of the reinsurance department, exploring "the reinsurance implications of different coverage scenarios for the breast implant claims" submitted under an XN policy. Id. at 151-52; 2017 WL 385034 at *4. The Wigmore Memo had been an exhibit at trial and was discussed by Yessman and Wigmore in their trial testimony, and its contents were

---

[1]The decisions by the U.S. District Court for the Eastern District of Pennsylvania apparently were never published after the two bench trials.

summarized by the Third Circuit in its ruling. Id. at 152-53 & n.16, 163-64. See also 2017 WL 385034, at *4.

In evaluating defendant's claims that the Wigmore Memo is protected by the attorney-client privilege and the attorney work product doctrine, the January 2017 Discovery Ruling found that Travelers failed to establish the basis for a privilege claim despite being asked to do so by both Judge Meyer and this Magistrate Judge and having multiple opportunities to do so. 2017 WL 385034, at *4-5. However, the ruling continued: "in an abundance of caution, the Magistrate Judge orders an in camera review of this single document before ordering production thereof to plaintiffs. Defendant shall provide a copy of the Wigmore Memo on or before February 13, 2017." Id. at *6 (emphasis omitted).

On February 13, 2017 Travelers forwarded a letter to this Magistrate Judge with three exhibits, including a copy of the Wigmore Memo, and specifically cautioned that it is "not voluntarily provid[ing the Wigmore Memo] for in camera review, but rather does so solely to abide by" the January 2017 Discovery Ruling.[2] (February 13 Letter at 2). The exhibits consisted of a copy of the Wigmore Memo with the name of the insured redacted (Exh. A); copies of excerpts from the docket sheets of the Third Circuit and Eastern District of Pennsylvania, sealing their records in the INA litigation and denying plaintiff ITT's motion to unseal them (Exh. B)[3]; and copies of declarations of Vincent J. Proto, executed October 4, 2014 and December 5, 2014 (Exh. C), which previously were filed in this lawsuit. (Dkts. ##118-3, 127-1).

---

[2]The February 13, 2017 letter, with attachments, shall remain in this Magistrate Judge's Chambers, and will be filed under seal, only if necessary.

[3]The Third Circuit's ruling was filed on June 9, 2010, but the entire file was not sealed until more than two months later, on August 20, 2010.

According to Attorney Proto, whose law firm represented Travelers in the INA litigation, both in the Eastern District of Pennsylvania and before the Third Circuit, the Wigmore Memo was listed on Travelers' privilege log; after an in camera review, a court-appointed Special Master ordered production of the document over Traveler's objection, without finding that Travelers had waived its privileges; Travelers complied with the Special Master's ruling and involuntarily produced the Wigmore Memo to INA; INA argued at trial that the Wigmore Memo was "direct evidence" that Travelers had allocated the underlying settlement "with an eye toward maximizing its reinsurance recovery[,]" but the district court and the Third Circuit rejected that characterization; Attorney Proto's law firm has continued to treat the Wigmore Memo as a confidential, privileged document; and the district court and Third Circuit have sealed the court records. (Proto Decl., dated December 5, 2014, ¶¶ 1, 3-12).

Having conducted a careful in camera review of the Wigmore Memo, this judicial officer agrees that under usual circumstances, the memo would be found to be privileged. The Magistrate Judge recognizes, as argued by defendant, that as a general rule, a party does not waive the attorney-client privilege for documents which it is compelled to produce. See, e.g., Transamerica Computer Co., Inc. v. Int'l Bus. Mach. Corp., 573 F.3d 646, 651 (9th Cir. 1978); Pierrello v. Gateway Marina, No. 08 CV 1798 (KAM)(MDG), 2010 WL 9506732, at * 1 (E.D.N.Y. Aug. 19, 2010), citing Transamerica. However, the contents of the memo have been discussed extensively by the Third Circuit in its decision in INA, 609 F.3d at 152-53, 163-64, despite the fact that two months after the decision was filed, the Third Circuit sealed the entire record.[4] The Third Circuit decision quoted several times from the Wigmore Memo

---

[4] See note 3 supra. It is not clear that under First Amendment case law on the right of access to court proceedings and records, as it exists now, the entire file would be sealed by both

(in that it was admitted into evidence as an exhibit), and summarized Yessman's testimony regarding the purpose of the memo, namely "to provide him with a general estimate of Travelers' potential net exposure on the breast implant claims, which Travelers wanted in relation to an indemnity agreement it had entered into with Aetna. . . ." Id. The excerpt of the Wigmore Memo provided for the in camera review has six parts: Section II.D., III.E, III.E.1, III.E.2, III.E.3, and III.E.4. Four of these sections – III.E, III.E.1, III.E.2, and III.E.3 – were discussed in some detail in the Third Circuit's ruling. Thus, despite Travelers' continuing designation of the Wigmore Memo as confidential, and its continuing efforts to maintain it as a privileged document, the exhaustive discussion of it by the Third Circuit makes it impossible to consider it as such. The Wigmore Memo was admitted as a trial exhibit; at least two of Travelers' executives testified regarding it, including the Vice President and Associate General Counsel who drafted it; and the Third Circuit extensively quoted from the memo and summarized testimony about it, all of which appears in a published court ruling. As such, key elements of the Wigmore Memo are easily found in the public domain. Therefore, under these extremely unusual circumstances, defendant Travelers shall produce a copy of the four sections of the Wigmore Memo addressed by the Third Circuit in the INA decision (Sections III.E, III.E.1, III.E.2, and III.E.3) to plaintiffs' counsel, for attorney's eyes only (unless otherwise ordered by the Court), and subject to the following redactions – Travelers may continue to redact out the name of its insured, and if it wishes, may also redact out all dollar figures and percentages in the memo, but will otherwise leave in the text portions, which address various scenarios for interpreting the XN coverage, as discussed by the Third Circuit in the INA decision.

---

the district court and the Third Circuit.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, No. 15-3055, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 27th day of February, 2017.

      /s/ Joan G. Margolis, USMJ  
    Joan Glazer Margolis  
    United States Magistrate Judge