IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                          :
ITT CORPORATION ET AL.                    :         3:12 CV 38 (JAM)
                                          :
v.                                        :
                                          :
TRAVELERS CASUALTY & SURETY CO.           :         DATE: MARCH 16, 2017
                                          :
-------------------------------------------------------x

RULING FOLLOWING IN CAMERA REVIEW OF WAISMAN AND SENNOTT DOCUMENTS

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Pending Discovery Issues, filed January 27, 2017 (Dkt. #191), 2017 WL 385034, Ruling on Pending Discovery Issues Regarding Depositions, filed February 14, 2017 (Dkt. #202)["February 2017 Discovery Ruling"], 2017 WL 589192, and Ruling Following In Camera Review of Wigmore Memo, filed February 27, 2017 (Dkt. #203), 2017 WL 750693.

The February 2017 Discovery Ruling held plaintiffs are entitled to take the deposition of Sonia Waisman, who is and has been since 2003 representing Travelers in the parallel coverage action between the parties in the Superior Court for the County of Los Angeles, set for trial on June 20, 2017, because defendant listed Attorney Waisman in its Rule 26(a) disclosures of individuals who possess discoverable information to support its defenses, as required by FED. R. CIV. P. 26(a)(1)(A)(i).  2017 WL 589192, at *2-3. With respect to the secondary issue regarding defendant's and Attorney Waisman's objections to the document requests served upon Attorney Waisman, and defendant's failure to provide a privilege log when it objected to the document requests in their entirety, the February 2017 Discovery Ruling ordered defendant to produce the responsive documents to this Magistrate Judge's Chambers, for her in camera review, on the basis of attorney-client privilege and work

product privilege, by March 3, 2017.  Id. at *3.

The February 2017 Discovery Ruling also addressed the deposition of Stephen Sennott, defendant's former employee who testified in another lawsuit pending in the Superior Court for the County of Los Angeles, Goulds v. Travelers.  Id. at *2, 4.  The Ruling similarly ordered defendant to produce Sennott's responsive documents to this Magistrate Judge's Chambers, for her in camera review, on the basis of attorney-client privilege and work product privilege, by March 3, 2017.  Id. at *4, n.9.

Consistent with this Ruling, on March 3, 2017, defendant delivered two large binders of documents to this Magistrate Judge's Chambers, one each for Attorney Waisman and for Sennott.  Within each binder was a directory of people who sent and received the documents to which a privilege was asserted,[1] as well as a privilege log, dated February 23, 2017.

The binder for Attorney Waisman consisted of thirty-seven documents, covering 335 pages. After a careful in camera review, the Magistrate Judge finds that the following six documents are not privileged and copies must be provided to plaintiffs' counsel: Nos. 11-15, and 17.[2]  Defendant shall provide copies to plaintiffs' counsel **on or before April 3, 2017**. The remaining documents, however, are privileged (Nos. 1-10, 16, and 18-37) and need not be produced.

Sennott's binder consisted of 185 documents, covering 1,463 pages.  After a careful in camera review, the Magistrate Judge finds that the following nineteen documents are not privileged and copies must be provided to plaintiffs' counsel: Nos. 6, 8-9, 21-22, 32-33, 42-

---

[1] Id. at *3, n.7.

[2] In all likelihood, plaintiffs' counsel already has copies of some of these documents.  It goes without saying that the Protective Order in place in this litigation shall govern any documents that relate to insureds other than plaintiffs.

44, 55, 109-10, 112-13, 117-18, and 181-82.[3]  Defendant shall provide copies to plaintiffs' counsel **on or before April 3, 2017**. The remaining documents, however, are privileged (Nos. 1-5, 7, 10-20, 23-31, 34-41, 45-54, 56-108, 111, 114-16, 119-44, 151, 158-61, 164, 167-80, and 183-85[4]) and need not be produced.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.  The two binders will remain in this Magistrate Judge's Chambers, unless otherwise requested by Judge Arterton or counsel.

---

[3] Insofar as Sennott testified at the Goulds trial in Los Angeles, the Magistrate Judge is assuming that Sennott will be a testifying expert in this trial, so that Nos. 6, 8-9, 21-22, 32-33, 42-44, 109-10, 112-13, 117-18, and 181-82 are all discoverable.  See, e.g., On Time Aviation, Inc. v. Bombardier Capital, Inc., 04 CV 1765 (JBA), 2006 WL 2092075, at *1-2 (D. Conn. July 26, 2006)(redacting out only those portions of time records of plaintiff's consultant/expert witness that revealed privileged communications "relating to research, strategy, and preparation of the case"). See also Bankers' Bank Ne. v. Berry Dunn McNeil & Parker, LLC, No. 1:12 CV 127 (GZS), 2014 WL 1320875 (D. Me. Mar. 28, 2014)(plaintiffs required to disclose the time and billing records of their expert witness to defendants); Fuller v. Unum Grp., No. 2:13 MC 140 (DBH), 2013 WL 5967019 (D. Me. Nov. 8, 2013)(expert witness who had been retained more than 360 times and has testified against insurance companies in more than seventy cases alleging bad faith was not required to disclose all her billing records, time sheets, invoices, notes, fee arrangements, and other documentation, in that her records did not allow her to distinguish between the cases where she testified as an expert witness and those where she did not).

If, however, Sennott is a non-testifying expert witness under FED. R. CIV. P. 26(b)(4)(D), then Nos. 6, 8-9, 21-22, 32-33, 42-44, 109-10, 112-13, 117-18, and 181-82 need not be disclosed. Cf. JJI Int'l, Inc. v. The Bazar Grp., Inc., No. 11-206 (ML), 2013 WL 11975134, at *1-2 (D.R.I. Apr. 22, 2013)(defendant entitled only to limited discovery from data collection organization that supplied data to plaintiff's survey expert); Apple, Inc. v. Amazon.com, Inc., 11-1327 (PJH)(JSC), 2013 WL 1320760 (N.D. Cal. Apr. 1, 2013)(defendant entitled only to limited deposition of two assistants for plaintiff's testifying survey expert).

[4] Some documents were not provided; instead there was simply a cover sheet indicating that the document was a pleading in a different case, a letter to an attorney for another policy holder, or deposition transcript from a different matter; copies of these do not need to be provided. (Nos. 145-50, 152-57, 162-63, and 165-66).

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, ____ F. App'x ___, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 16th day of March, 2017.


                                                     /s/ Joan G. Margolis, USMJ
                                                Joan Glazer Margolis
                                                United States Magistrate Judge